# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TARRELL M. SMITH,

 *Plaintiff*,

vs.

JULIO MESA,

 *Defendant*.

Case No. 2:13-cv-01255-JAD-PAL

**O R D E R**

  This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court on plaintiff's application (Dkt. #1) to proceed *in forma pauperis* for initial review under 28 U.S.C. § 1915A.

  When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and

conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Tarrell M. Smith alleges that on December 9, 2012, correctional officer Julio Mesa searched his prison cell while Smith and his cellmate were away for recreation. According to the complaint, Mesa was seen by another inmate pulling a piece of metal from the air vent, and he then attempted to bend the metal into the shape of a weapon. However, correctional officers Blake and Richardson saw Mesa doing this and told him that it was just a piece of the vent. Plaintiff alleges that when he and his cellmate returned, Mesa came to the cell and said: "Consider yourselves lucky, 'cause I had you guys on the way to the hole, but you need to thank Blake 'cause she saved you." Plaintiff alleges that Mesa has been targeting him since he "wrote NV-Cure on him," with NV-Cure apparently being a prisoner advocacy organization or website.

Plaintiff alleges that Mesa's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and constituted "discriminatory harassment, negligence, and retaliation."

Plaintiff names officer Mesa as the sole defendant in both his individual and official capacity. He prays for, *inter alia*: (1) a formal public apology; (2) an order directing that correctional officers follow administrative regulations allegedly requiring that inmates be present when their cells are searched; (3) damages for mental distress and pain and suffering; and (4) apparently enforcement of sundry other alleged requirements under state administrative regulations.

The complaint fails to state a claim upon which relief may be granted.

Plaintiff was not subjected to any cruel and unusual punishment in violation of the Eighth Amendment.

Even if the Court were to assume, *arguendo*, that what Mesa intended to do would have constituted cruel and unusual punishment, the other two officers stopped Mesa from doing what he allegedly planned to do. By analogy, if a correctional officer indicated to other officers that he planned to viciously and excessively beat a prisoner but the other officers did their constitutional duty and kept him from doing so, there would be no Eighth Amendment violation. Here, the other officers kept Mesa from doing what he allegedly was going to do. Alleged bad intention by one officer that properly is thwarted by other officers doing their duty does not give rise to a viable Eighth Amendment claim.

Moreover, while being placed in disciplinary segregation on allegedly framed evidence (which did not actually occur) possibly may violate other constitutional protections in certain circumstances, it does not constitute cruel and unusual punishment. That is, the typical conditions of disciplinary segregation, which largely mirror those of administrative and protective segregation, do not violate the Eighth Amendment. *Cf. Sandin v. Conner,* 515 U.S. 472, 485-86 (1995)(being subjected to disciplinary or punitive segregation, which mirrors the conditions of administrative segregation and protective custody, in and of itself does not give rise to a liberty interest protected by procedural due process guarantees).

1    Plaintiff otherwise does not state a viable claim based upon Mesa stating to him that
2 he was going to send him to "the hole" but another officer stopped him.  Verbal harassment,
3 including even threats of bodily injury, does not give rise to a viable Eighth Amendment claim.
4 *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir.1998);
5 *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Gaut v. Sunn*, 810 F.2d 923, 925
6 (9th Cir.1987).

7    Even looking at the allegations from the viewpoint of retaliation for alleged First
8 Amendment activity, *de minimis* actions allegedly taken in retaliation for the exercise of First
9 Amendment rights do not give rise to a constitutional violation.  *See, e.g., Blair v. Bethel*
10 *School District*, 608 F.3d 540, 544 (9th Cir. 2010); *Maryland A.C.L.U. v. Wicomico County*, 999
11 F.2d 780, 785, 786 n. 6 (4th Cir.1993)(cited with approval in an unpublished Ninth Circuit
12 prison conditions case).  Allegations that the officer told the plaintiff that he was going to take
13 action to put him in disciplinary segregation but the plaintiff was lucky that the defendant was
14 stopped by other officers does not rise above this nonactionable *de minimis* level.

15    Nor is negligence actionable under § 1983 on an Eighth Amendment claim or a due
16 process claim.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834-36 (1994); *Daniels v.*
17 *Williams*, 474 U.S. 327 (1986); *Sorrells v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002).

18    Finally, even if the complaint stated a viable constitutional claim, which it does not,
19 much of the relief sought is not available.  A plaintiff may not secure an order in a federal civil
20 rights action directing an officer to make a public apology and/or directing that the alleged
21 requirements of state regulations be followed.  *Cf. Sandin*, 515 U.S. at 480-84 (mere violation
22 of alleged mandatory requirements of state regulations does not give rise to a viable
23 constitutional claim).[1]

---

[1] An inmate has no expectation of privacy in a prison cell, and the Fourth Amendment therefore is inapplicable to a search of the cell.  *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 522-30 & n.8 (1984).  If state administrative regulations allegedly require that the prisoner be present when the cell is searched, the failure to follow such a requirement does not give rise to a federal constitutional claim.

The complaint therefore will be dismissed for failure to state a claim. The Court finds that delay of entry of final judgment for an opportunity to amend would be futile, given that plaintiff is seeking to base his claims on a *de minimis* incident where other officers intervened to prevent allegedly improper action by the defendant officer.

**IT THEREFORE IS ORDERED** that plaintiff's application (Doc. 1) to proceed *in forma pauperis* is **GRANTED**, subject to the remaining provisions herein. Plaintiff shall not be required to pay an initial partial filing fee. However, even if the action is dismissed, plaintiff must pay a full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

**IT FURTHER IS ORDERED** that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT FURTHER IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits in plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid. **The Clerk of Court shall SEND a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also SEND a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

**IT FURTHER IS ORDERED** that the Clerk shall file the complaint and that this action shall be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk of Court shall enter final judgment accordingly.

DATED: December 13, 2013.

_____
Jennifer Dorsey
United States District Judge